People v Watts (2019 NY Slip Op 05010)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Watts

2019 NY Slip Op 05010

Decided on June 20, 2019

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2019
Friedman, J.P., Richter, Kahn, Singh, JJ.


9682 5149/15

[*1]The People of the State of New York, Respondent,
vDarnelle Watts, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Victoria Muth of counsel), for respondent.

Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered February 15, 2017, convicting defendant, after a jury trial, of predatory sexual assault against a child, sexual abuse in the first degree (two counts) and endangering the welfare of a child (two counts), and sentencing him to an aggregate term of 20 years to life, unanimously affirmed.
Defendant's argument that the verdict convicting him of predatory sexual assault against a child was against the weight of the evidence is unavailing (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The main victim's testimony established numerous sex acts, including an act of oral sex.
The court properly admitted evidence that one of the three child victims saw defendant engage in a sexual assault against a fourth child, who was not named as a victim in the indictment. That testimony was probative of the child endangerment count pertaining to the child who observed that conduct (see People v Johnson, 95 NY2d 368, 372 [2000]). The People were not required to stop after presenting a minimum of evidence (see People v Alvino, 71 NY2d 233, 245 [1987]), and the probative value of this evidence outweighed any prejudicial effect.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 20, 2019
CLERK